IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES M. BAKER, On behalf of himself and all others similarly situated,

Plaintiff,

vs.

MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER, and JOHN W. SCHEFLEN,

Defendants.

Case No. 1:05-cv-00272-GMS

CLASS ACTION

ROCHELLE PHILLIPS, On behalf of herself and all others similarly situated,

Plaintiff,

vs.

MBNA CORP., BRUCE L. HAMMONDS, and KENNETH . VECCHIONE,

Defendants.

Case No. 1:05-cv-00277-GMS

CLASS ACTION

**(Additional Captions Set Forth Below)**

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF ACTIVEST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ROBERT WILKINS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER, and JOHN W. SCHEFLEN,<br><br>Defendants. | Case No. 1:05-cv-00287-GMS<br><br>CLASS ACTION |
| LEONARD BRONSTEIN, On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER, and JOHN W. SCHEFLEN,<br><br>Defendants. | Case No. 1:05-cv-00289-GMS<br><br>CLASS ACTION |

GREG PENN, On behalf of himself and all others similarly situated,

Plaintiff,

vs.

MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, and LANCE L. WEAVER,

Defendants.

Case No. 1:05-cv-00293-GMS

CLASS ACTION

CLIFFORD W. JONES, On behalf of himself and all others similarly situated,

Plaintiff,

vs.

MBNA CORP., BRUCE L. HAMMONDS, and KENNETH A. VECCHIONE,

Defendants.

Case No. 1:05-cv-00316-GMS

CLASS ACTION

MICHAEL D. BLUM, On behalf of himself and all others similarly situated,

Plaintiff,

vs.

MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, JOHN R. COCRAN, III, RICHARD K. STRUTHERS, and LANCE L. WEAVER

Defendants.

Case No. 1:05-cv-00372-GMS

CLASS ACTION

| | |
|---|---|
| THOMAS J. CUSSEN, On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER and JOHN W. SCHEFLEN,<br><br>Defendants. | Case No. 1:05-cv-00389-GMS<br><br>CLASS ACTION |

## PRELIMINARY STATEMENT

Class member Activest Investmentgesellschaft mbH for account of the PT-Master fund ("Activest") respectfully submits this Memorandum of Law in further support of its ***unopposed*** motion for: (1) consolidation of the above-captioned actions; (2) its appointment as Lead Plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (3) approval of its selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel, pursuant to the PSLRA.

## INTRODUCTION

Four motions for consolidation of the above-captioned actions and for the appointment of lead plaintiff and lead counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), were filed before the Court. 15 U.S.C. § 78u-4 *et seq*. Subsequently, one movant (ARCA S.G.R. S.p.A.) has formally withdrawn its motion and the other two movants have informed Milberg Weiss Bershad & Schulman LLP that they intend to withdraw their motions and do not oppose the motion of Activest.

We note an important development in the litigation. On July 5, 2005, the deadline for the lead plaintiff motions, plaintiff in the action captioned *Cussen v. MBNA Corp.*, No. 05-CV-00389-GMS (D. Del. filed June 13, 2005), filed a notice of voluntarily dismissal of his action pursuant to Fed. R. Civ. P. 41(a). *See* Exhibit A (attaching Notice of Voluntary Dismissal). This is an important development for the Court's determination of the pending motions because that action was the only action alleging a class period of October 16, 2003 to April 21, 2005. Each of the other actions, including the two actions pending in the Southern District of New York, allege a class period of January 20, 2005 to April 21, 2005.[1] Because many courts in securities class actions utilize the longest class period alleged in related actions for the purpose of calculating the financial interests of the lead plaintiff movants, Activest and former movant ARCA S.G.R. S.p.A., included transactions occurring in the longer, and now obsolete, class period in their financial interest calculations. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The Catanzarite Action is relied upon for the purposes of this [lead plaintiff] motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants.") Because the shorter class period is now the only class period, Activest submits a new financial interest analysis based on transactions occurring within this shorter class period only.[2] *See* Exhibit B.

Activest should be appointed Lead Plaintiff because, with an estimated loss of $357,225 it has by far the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See* Exhibit B (chart detailing Activest's financial interest). In addition to

---

[1] Defendants filed a motion in the Southern District of New York to transfer the actions pending there to this District.

[2] We apologize for the confusion, and note that the *Cussen* action was dismissed on the same day as the motions were filed, which is why we were not aware of the dismissal prior to filing the motion.

possessing the largest financial interest, Activest readily meets the typicality and adequacy elements of Fed. R. Civ. P. 23 and, therefore, its motion should be granted in its entirety.

## POINT I

## ACTIVEST HAS THE LARGEST FINANCIAL INTEREST IN THIS LITIGATION

The rules for appointing Lead Plaintiff and Lead Counsel are straightforward: "[t]he process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litigation*, 264 F.3d 201, 262 (3d Cir. 2001) *quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Because the other movants either already have, or will, withdraw their motions, Activest is the movant with the largest financial interest. We present the losses of the other movants, and former movant ARCA S.G.R. S.p.A., calculated by reference to the operative class period, to assure the Court that Activest is not simply the winner by default:[3]

| Movant Group | Losses |
|---|---|
| **Activest** | **$357,225.54** |
| City of Deerfield Beach Non-Uniform Empl. Ret. Plan | $36,530.52 |
| The Kimball Movants | $35,513.08 |
| ARCA S.G.R. S.p.A. | $6,894.60 |

Accordingly, Activest is the movant with the "largest financial interest" in the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, 2004 U.S. Dist. LEXIS 26205 at *7-8 (E.D. Pa. Dec. 29, 2004) (appointing funds with largest loss as lead plaintiffs).

---

[3] Initially, Activest's motion was made on behalf two of its funds, the PT-Master fund and Enerfonds fund. However, the Enerfonds fund had no purchases in the shorter class period and, accordingly, its financial interest, which was previously calculated using the longer class period, has not been included in Activest's losses, presented herein.

**POINT II**

**ACTIVEST SATISFIES THE APPLICABLE RULE 23 REQUIREMENTS**

After identifying the movant with the largest financial interest, the Court should: "focus its attention on that plaintiff and, ... based on the information he has provided in his pleadings and declarations, [determine] whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As discussed fully in its opening brief, Activest satisfies the typicality and adequacy requirements. *See* Activest Mem. at 7-9. To reiterate, Activst is adequate because, just like all other class members, it purchased MBNA shares during the class period, at prices that were artificially inflated by defendants' alleged misrepresentations and omissions, and was damaged economically as a result of defendants' false statements. *See Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, No. 04-CV-1728, 2004 U.S. Dist. LEXIS 26205, at *8-9 (E.D. Pa. Dec. 29, 2004). Moreover, Activest will fairly and adequately represent the interests of absent class members because of its substantial stake in the outcome of the litigation, a lack of conflict between its and the class' claims and its selection of Lead Counsel (Milberg Weiss) that has 40 years experience in effectively prosecuting securities class actions. Indeed, as a sophisticated institutional investor, Activest would make an ideal Lead Plaintiff. *See In re Cendant Corp. Litigation*, 264 F.3d at 274 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

**CONCLUSION**

For the foregoing reasons, Activest satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Activest respectfully requests that this

Court: (1) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint it is as Lead Plaintiff pursuant to § 21D(a)(3)(B); and (3) approve its selection of Milberg Weiss as Lead Counsel.

DATED: July 19, 2005

Respectfully submitted,

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

By /s/ Seth D. Rigrodsky
Seth D. Rigrodsky, Esq. (#3147)
Ralph Sianni, Esq. (#4151)
919 N. Market Street, Suite 411
Wilmington, Delaware 19801
(302) 984-0597

--and--

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Deborah M. Sturman
Andrei V. Rado
One Pennsylvania Plaza - 49th Floor
New York, NY 10119
(212) 594-5300
Fax: (212) 868-1229

***Proposed Lead Counsel***